## In The MATTER OF Brad P. BURCHETT.

### No. 45S00–9301–DI–15.

Supreme Court of Indiana.

March 8, 1994.

Brad P. Burchett, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Comn.

## DISCIPLINARY ACTION

PER CURIAM.

Brad P. Burchett, the Respondent in this case, was charged in a single count complaint for disciplinary action with violating the Rules of Professional Conduct by engaging in criminal conduct and conduct that adversely reflects on his honesty, trustworthiness, and fitness as a lawyer.

This Court appointed a hearing officer who heard the case and tendered his findings of fact, conclusions and recommendation. Neither party challenged the findings of fact or conclusions, but the Commission filed a memorandum suggesting a particular sanction.

The Respondent is a member of the Bar of this state, having been admitted on October 16, 1987. The findings relating to Respondent's acts are based on the parties' stipulations and are now adopted by this Court. Accordingly, we find that, during the period of time in question, Respondent was em-

**206**

ployed by Hyatt Legal Services (Hyatt). On three separate occasions during December of 1991 and January of 1992, Respondent forged and endorsed three checks made payable to himself on Hyatt's account. The checks totalled $1,323.33. He did this without Hyatt's authority and with the intent to defraud Hyatt. Respondent used the proceeds from the checks to pay his drug suppliers. At the time in issue, Respondent had a drug and alcohol addiction. The parties have stipulated that Respondent intended to pay back the money, but, before he was able to do so, his employment was terminated. He did pay back $1,323.33 to Hyatt Legal Services in April of 1992, more than a year after he forged the checks.

Thereafter, Respondent was convicted of Driving Under the Influence in the State of Illinois. The conviction caused him to "wake up", and he sought treatment for his addictions. He entered and completed a twelve step drug rehabilitation program with the Olympia Fields Addictions Counseling and Family Recovery Program. He also completed a four part alcohol and drug remedial education program with the Illinois Department of Alcoholism and Substance Abuse.

The foregoing findings conclusively establish Respondent's professional misconduct, and, indeed, Respondent admits his wrongdoing. He engaged in criminal conduct, namely forgery and conversion, which reflects adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of Prof. Cond.R. 8.4(b). He also engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of Prof.Cond.R. 8.4(c).

The nature of Respondent's conduct raises a serious question as to his fitness as a lawyer. Clearly, conversion of funds through forgery for support of a drug habit is conduct which warrants disbarment. Standard 5.11(a) of the *ABA Standards for Imposing Lawyer Sanctions* states that, absent mitigating circumstances, disbarment is generally appropriate when a lawyer engages in serious criminal conduct, a necessary element of which includes theft. This severe sanction can be counterbalanced by mitigating factors, which the Commission agrees are present in this case. See Standard 9.3, *ABA Standards for Imposing Lawyer Sanctions.*

The hearing officer noted that, in addition to taking steps toward rehabilitation, Respondent ceased the practice of law and made restitution. Respondent fully admits his wrongdoing and is extremely remorseful. He is a relatively new lawyer, is dedicated to the law, is willing to improve, and is humbled by his experience. Respondent is a member of Phi Beta Kappa honorary fraternity and is maintaining his legal skills through continuing legal education studies. The hearing officer concluded that Respondent is capable of reestablishing his honesty, trustworthiness, and fitness as a lawyer. On the other hand, we concur with the hearing officer's observation that the short time of Respondent's rehabilitative effort is not yet sufficient to demonstrate rehabilitation, given the seriousness of his ethical violations.

With these considerations in mind, we are convinced that a period of suspension after which Respondent has an opportunity to establish his successful rehabilitation will appropriately safeguard the public and the bar and, yet, may serve to salvage a damaged career. We also adopt the hearing officer's recommendation for community service through which Respondent can help the society he damaged through his criminal acts.

It is, therefore, ordered that Brad P. Burchett is suspended from the practice of law for a period of six (6) months, beginning April 8, 1994. It is further ordered that Respondent shall perform fifty (50) hours of service in a drug and/or alcohol rehabilitation program and fifty (50) hours in a community service organization. He shall submit to the Disciplinary Commission for its approval a plan for the above community service. At the conclusion of the period of suspension and upon compliance with this order, Respondent will be eligible to petition for reinstatement pursuant to Ind.Admission and Discipline Rule 23.

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., finds sanction inadequate and dissents.